UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WATKINS C. GRAVELY, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>J. F. CARAWAY, WARDEN, )<br>)<br>Respondent. ) | No. 2:13-cv-085-JMS-WGH |

**Entry and Order Dismissing Action**

**I.**

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances.

Watkins Gravely is confined in this District serving a life sentence imposed by the United States District Court for the Western District of Virginia on October 22, 2001, following his conviction for various drug offenses. *See United States v. Gravely*, 2012 WL 4503160 (W.D.Va. Sept. 28, 2012)(dismissing § 2255 motion filed in August 2012 as untimely). Gravely invokes the savings clause of § 2255(e) to challenge that conviction. His claims are that he was denied the effective assistance of counsel both at trial and in his direct appeal, which was dismissed because no appellant's brief was filed. He also claims that he is "actually innocent" of being a career offender.

The court conducts an initial review of habeas petitions. 28 U.S .C. § 2243; *Alexander v. N. Bureau of Prisons,* 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the *Rules Governing § 2254 Cases in the United States District Courts* (applicable to §

2241 petitions under Rule 1(b)). The court evaluates Gravely's petition under a lenient standard because he is not represented by an attorney. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Burton v. Jones,* 321 F.3d 569, 573 (6th Cir. 2003).

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). A petitioner cannot show that a motion under § 2255 is "ineffective" simply because that remedy is no longer available, either because the deadline for filing such a motion has passed or because petitioner filed a previous motion under § 2255 and cannot satisfy the requirements for filing a second motion under § 2255(h). *Unthank v. Jett,* 549 F.3d 534, 535-36 (7th Cir. 2008) (rejecting argument that "whenever § 2255(h) closes the door to a renewed challenge under § 2255, then § 2255(e) must open the door to a challenge under § 2241"); *Morales v. Bezy,* 499 F.3d 668, 672 (7th Cir. 2007) ("A prisoner cannot be permitted to lever his way into section 2241 by making his section 2255 remedy inadequate."); *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing.").

As has been noted, Gravely sought relief pursuant to 28 U.S.C. § 2255, but did so years after the deadline for doing so had passed. "In general, '§ 2255 is the exclusive means for a federal prisoner to attack his conviction' or sentence." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012)(citing *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003)). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). It is the inefficacy of the remedy, not the

personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986). Gravely has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. The savings clause of 28 U.S.C. § 2255(e) is thus not available to him for that purpose. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: _12/06/2013_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Watkins C. Gravely
No. 09071-084
Terre Haute – USP
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808